UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| RONALD PROFT and JASON PROFT, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 7:16-cv-00308 |
| V. | § § | JURY TRIAL DEMANDED |
| WILSON SYSTEMS, INC., | § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## COLLECTIVE ACTION AND JURY DEMAND

1. Defendant Wilson Systems, Inc. ("Defendant") required Plaintiffs Ronald Proft and Jason Proft ("Plaintiffs") to work more than forty (40) hours in a workweek as well attendants. Plaintiffs were hourly paid employees whose primary duty was to perform manual labor at well sites. Defendant misclassified Plaintiffs as independent contractors and as such, denied them overtime pay for all hours worked over forty in a workweek.

2. Defendant's conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

3. Plaintiffs bring a collective action to recover unpaid overtime compensation owed to them individually and on behalf of all current and former hourly-paid workers classified as independent contractors by Defendant during the three-year period before the filing of this Complaint. Members of the Collective Action are hereinafter referred to as "Class Members."

1

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Western District of Texas, Midland Division because a substantial portion of the events forming the basis of this suit occurred in this District and Division, and Defendant is headquartered in this District.

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Ronald Proft is an individual residing in Reeves County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

7. Plaintiff Jason Proft is an individual residing in Reeves County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "B."

8. The "Class Members" are all current and former hourly-paid workers classified as independent contractors who performed work for Defendant during the three-year period before the filing of this Complaint.

9. Defendant Wilson Systems, Inc. is a domestic for-profit corporation that may be served with process through its registered agent Ryan McNeel, 24 Smith Road, Midland, Texas 79705, or wherever he may be found.

10. This Court has personal jurisdiction over Defendant because it is a Texas corporation.

## FLSA COVERAGE

11. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

13. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

15. At all material times, Plaintiffs and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## FACTS

16. Defendant operates in the oil and gas industry and provides services managing salt water disposal wells across West Texas.

17. Salt water disposal wells are used to store the salt water byproduct of oil and gas fracking operations.

18. At each of its disposal wells, Defendant employs individuals known as attendants.

19. The attendants are classified as independent contractors.

20. The attendants are paid an hourly rate for each hour spent at the well site. However, the attendants are not paid any overtime for those hours worked in excess of 40 in a workweek.

21. Plaintiff Ronald Proft work for Defendant as an attendant from approximately February of 2015 to February of 2016.

22. Plaintiff Jason Proft worked for Defendant as an attendant from approximately February of 2015 to September 2015.

23. Plaintiffs, like other attendants for Defendant, were responsible for performing pumping work at the well sites, cleaning work, and other aspects of physical labor.

24. Plaintiffs and the Class Members worked at least 12 hours each day and commonly worked in excess of 80 hours in a week.

25. Plaintiffs and the Class Members were not independent contractors. They were employees of Defendant.

26. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiffs and Class Members.

27. In addition, Defendant instructed Plaintiff and Class Members about when, where, and how they were to perform their work.

28. Moreover, the following conduct further demonstrates that Defendant acted as Plaintiffs' employer:

   a. Defendant required Plaintiffs to submit their hours of work each week that had to be approved by Defendant before being paid;

   b. Defendant paid Plaintiffs and Class Members a non-negotiable hourly rate;

   c. Defendant required Plaintiffs and Class Members to report to their assigned well at a set time;

   d. Plaintiffs and Class Members had no control over which well they were assigned to work;

   e. Defendant required Plaintiffs and Class Members to request time off in advance and have that time away from work preapproved;

    f. Defendant provided training to Plaintiffs and Class Members instructing them how to perform their work;

    g. Defendant assigned Plaintiffs and Class Members so many work hours per week (often more than 70 and 80 hours) that, as a practical matter, they were prevented from working for any other company;

    h. Defendant controlled the amount of hours Plaintiffs and Class Members worked;

    i. Defendant dictated the locations at which Plaintiffs and Class Members worked;

    j. Plaintiffs' and Class Members' services were integrated into Defendant's operations; and

    k. Defendant had rules that Plaintiffs and Class Members were required to follow when performing their jobs.

29. Furthermore, the degree of investment Plaintiffs and Class Members made to perform their work pales in comparison to the expenses Defendant spent. Plaintiffs and Class Members provided nothing but their labor. On the other hand, Defendant provided equipment worth hundreds of thousands of dollars, including storage tanks, pumps, and all tools necessary for Plaintiffs to perform their work.

30. A substantial portion of Defendant's annual revenue is derived from work performed by Plaintiff and Class Members. Without the labor provided by Plaintiff and Class Members, Defendant could not provide its services and generate revenue.

31. Despite these facts, Defendant improperly classified Plaintiffs and Class Members as independent contractors and not employees.

32. However, at all times, the attendants and other similarly situated workers were employees of Defendant, as that term is defined under the FLSA and interpretative case law.

33. Although Plaintiffs and Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

34. No FLSA exemption applies to Plaintiffs and Class Members.

35. Defendant's method of paying Plaintiffs and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. In fact, Defendant's supervisors frequently made promises to the Plaintiffs that the independent contractor classification was temporary and that they would be transitioned to employees. That transition never happened.

36. That is, Defendant's misclassification was not by accident, but a well thought out scheme to reduce its labor costs. Defendant knew the law but intentionally or recklessly chose to not follow it. Accordingly, Defendant's violations of the FLSA are willful.

## VIOLATION OF 29 U.S.C. § 207

37. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

38. Defendant's practice of failing to pay Plaintiffs and Class Members a time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

39. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiffs and Class Members.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its employees.

41. Plaintiffs knowledge is based on their personal work experience and through communications with other workers of Defendant while performing work.

42. Other hourly paid workers similarly situated to the Plaintiffs work for Defendant throughout the United States, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

43. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

44. Defendant has classified and continues to classify Class Members as independent contractors.

45. Class Members perform or have performed the same or similar work as Plaintiffs and were misclassified as independent contractors by Defendant.

46. Class Members are not exempt from receiving overtime pay under the FLSA.

47. As such, Class Members are similar to Plaintiffs in terms of relevant job duties, pay structure, their misclassification as independent contractors and/or the denial of overtime pay.

48. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

49. The experiences of Plaintiffs, with respect to their pay, hours, and duties are typical of the experiences of Class Members.

50. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

51. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

52. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused financial harm to all Class Members.

53. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> All current and former hourly-paid workers classified as independent contractors who performed work for Defendant throughout the United States during the three-year period before the filing of this Complaint.

## DAMAGES SOUGHT

54. Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

55. Plaintiffs and Class members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

56. Plaintiffs and Class Members are entitled to recover their attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

57. Plaintiffs and Class Members hereby demand trial by jury on all issues.

## PRAYER

58. For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding them the following:

    a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

    b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

    c. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

    d. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

          Respectfully submitted,

          KENNEDY HODGES, L.L.P.

          By: /s/ *Don J. Foty*
              Don J. Foty
              DFoty@kennedyhodges.com
              State Bar No. 24050022
              Federal Id No. 711552
              KENNEDY HODGES, L.L.P.
              4409 Montrose Blvd., Ste. 200
              Houston, TX 77006
              Telephone: (713) 523-0001
              Facsimile: (713) 523-1116

          LEAD ATTORNEY IN CHARGE FOR
          PLAINTIFFS AND CLASS MEMBERS